**UNITED STATES of America (United States Postal Service), Plaintiff**

v.

**COOPERATIVA DE SEGUROS MULTIPLES, Defendant.**

**No. CIV. 02–2066(JAG).**

United States District Court,
D. Puerto Rico.

March 4, 2004.

Lisa E. Bhatia–Gautier, United States Attorney's Office, Torre Chardon, San Juan, PR, for Plaintiff.

Vicente Santori–Margarida, Vicente Santori Margarida Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

The United States of America, in representation of the United States Postal Service ("the United States"), brought a civil action in collection of money pursuant to 28 U.S.C. § 2679 against Cooperativa de Seguros Multiples ("Cooperativa") on July 12, 2002 (Docket No. 1). Pending before this Court are Cooperativa's two motions for summary judgment (Docket Nos. 8 and 20), and the United States' opposition and motion for summary judgment (Docket No. 16). After careful consideration, this Court GRANTS Cooperativa's second motion for summary judgment, and DENIES the United States' motion for summary judgment and Cooperativa's first motion for summary judgment.

## FACTUAL BACKGROUND

Postal employee Pablo Rivera Cruz ("Rivera") was involved in a car accident with Nestor L. Cuevas Ramos ("Cuevas") on January 23, 1996. Rivera was driving his wife's car, which was insured by Cooperativa under insurance policy number PAP 0580713. Pursuant to 28 U.S.C. § 2679, Cuevas filed a complaint against the United States of America on November 18, 1998 before the United States District Court for the District of Puerto Rico (Civil No. 98–2298(RLA)). The parties

subscribed a settlement on August 18, 1999 for the amount of $60,000, which the Court approved on August 24, 1999. The United States satisfied said settlement of $60,000 on September 9, 1999. Cooperativa was not a party to the case nor did it participate in the settlement negotiations. Furthermore, the United States never notified Cooperativa that settlement negotiations were in progress nor did it consult Cooperativa before reaching the settlement. The United States filed, on July 12, 2002, a complaint against Cooperativa seeking reimbursement of the amount paid in the case asserting that it was covered by the insurance policy.

Cooperativa submitted a motion for summary judgment on December 20, 2002 seeking dismissal of the complaint because the action was time-barred under Article 1868(2) of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298(2). Cooperativa's argument was based on a characterization of the United States' action as one in tort under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (Docket No. 8). The United States opposed Cooperativa's motion for summary judgment and filed, in turn, its own motion for summary judgment on March 3, 2003 (Docket No. 16). In support of its opposition and motion, the United States maintained that, rather than being an extra-contractual tort action, this was a contractual claim derived from an omnibus clause in the policy, thus the one-year statute of limitations inapplicable. In the alternative, the United States argued that the one-year statute of limitations was tolled through a series of extrajudicial claims (Docket No. 16). Cooperativa presented an opposition to the United States' motion for summary judgment and a new motion for summary judgment on April 10, 2003 (Docket No. 20). Cooperativa claimed that the contract law of Puerto Rico does not apply to this action because Cooperativa never entered into an agreement with the United States. In the alternative, in support of its motion for summary judgment, Cooperativa contended that, as an additional insured, the United States had to comply with the terms and conditions of the policy, which it did not. According to the insurance policy, this non-compliance by the United States prevents it from recovering from Cooperativa (Docket No. 20, Exhibit).

## DISCUSSION

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As to the burdens of persuasion under Rule 56, the moving party initially bears the burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading, [rather] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In reviewing the record, the court must view all the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In the case at bar, both parties have each filed independent motions for sum-

mary judgment with intertwining sets of undisputed facts. Because neither party has disputed the facts set out by the other, this Court understands that there is "no genuine issue as to any material fact," and what remains is for the Court to decide which party is entitled to summary judgment as a matter of law.

 This Court will assume that the United States is an insured under the terms of the omnibus clause[1] of the insurance policy issued by Cooperativa. Hence, it is not necessary for the Court to decide whether the action by the United States against Cooperativa sounds in tort or in contract. The clause in question is sufficiently broad and does not explicitly exclude the United States as an insured:

> PART A—CIVIL LIABILITY COVERAGE
>
> INSURANCE AGREEMENT
>
> (. . .)
>
> B. "Insured" as used in this Part means:
>
>> 1. You or any "member of your family" responsible for the possession, maintenance or use of any automobile or trailer.
>>
>> (. . .)
>>
>> 3. In connection with the "insured automobile," any person or organization; but only in respect to the legal responsibility for the acts or omissions of a person for whom this Part affords coverage.
>>
>> 4. In connection with any automobile or trailer that is not the "insured automobile," any other person or organization; but only in respect to the legal responsibility for the acts or omissions of you or any "member of your family" for whom this Part affords coverage. This disposition (B.4) is only applicable if the person or organization is not the proprietor nor the lessee of the automobile or trailer.

(Translation ours.) As an additional insured, however, the United States is subject to all the limitations that bind the original insured, thus it must comply with the terms of the contract and follow the exact same procedures that the policy requires from the original insured. The contract explicitly states that, in order to bring legal action against Cooperativa, the insured must comply with all of the terms and conditions of the contract:

> SECTION IV—GENERAL DISPOSITIONS
>
> PART A. LEGAL ACTION AGAINST US
>
>> No type of legal action may be brought against us until there has been compliance with all of the terms of this policy.

(Translation ours.) Cooperativa alleges that the United States did not adhere to the terms of the contract, hence it may not recover from Cooperativa the amount paid to Cuevas as indemnification for the accident. This Court agrees.

The insurance policy clearly states that the obligation to supply coverage in case of

---

1. "Automobile liability insurance policies ordinarily contain a so-called 'omnibus' clause providing that the term 'insured' includes the named insured and also any other person while using the automobile and any person or organization using, operating, or legally responsible for the use of, the vehicle insured, provided the actual use of the automobile is by the named insured or with his or her permission or consent."

An omnibus clause creates liability insurance in favor of such others than the named insured as meet the descriptions outlined in the respective policies, to the same degree and with the same effect as though such a person's name had been specifically stated in the policy as an insured, or as though the insured had been operating the car at the time of the accident." 8 Lee Russ & Thomas Segalla *Couch on Insurance 3D* § 111: 1, 111–6 (1997).

accident or loss is conditioned to the insured's compliance with the terms of the policy. Specifically, the contract establishes that in order for Cooperativa to accept liability, the insured must have *totally* complied with a number of requirements. The following requirements are of particular importance to this case:

A. We have to be *promptly notified* of how, when and where the accident or loss took place. Said notification must also include the names and addresses of any injured person and any witnesses.

B. Any person who expects coverage shall:

1. *Cooperate with us as to any investigation, liquidation or defense of any claim or judicial complaint.*

2. *Promptly provide us with copies of any notifications or legal documents received in connection with the accident or loss.*

(Translation and emphasis ours.) The United States does not contradict Cooperativa's allegations that it was not included as a party to the case that arose after the accident between Rivera and Cuevas (Civil No. 98–2298(RLA)). The United States failed to notify Cooperativa that said action was taking place and that the parties were in the process of negotiating a settlement. It was not until after the United States had paid Cuevas that it informed Cooperativa of the outcome of the situation in order to reclaim its expense. The United States notified Cooperativa of its intention of seeking reimbursement on July 17, 2000: more than four years after the accident took place. Thus, the United States complied neither with requirement "A" of prompt notification of the loss nor with requirement "B" of cooperation and notification of any legal claim. Because the United States failed to comply with the requirements clearly set forth in the insurance contract with Cooperativa, the United

States breached its contractual obligations. Therefore, this Court cannot enforce the contract and require Cooperativa to reimburse the United States the amount freely negotiated without Cooperativa's knowledge or consent.

## CONCLUSION

In light of the foregoing, this Court hereby **GRANTS** Cooperativa's second motion for summary judgment, and **DENIES** the United States' motion for summary judgment and Cooperativa's first motion for summary judgment. This action is therefore dismissed with prejudice, and judgment shall be entered accordingly.

All pending motions are hereby **MOOT.**

IT IS SO ORDERED.